# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **Golden Marina Causeway LLC**, | Bankruptcy No. 16-03587 |
| Debtor. | Honorable Donald R. Cassling |

## NOTICE OF APPLICATION

**Please take notice** that on **September 12, 2017, at 9:30 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Donald R. Cassling, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 619 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there shall present the **First and Final Application for Compensation of Hilco Real Estate as Real Estate Agent**, a copy of which is attached hereto and herewith served upon you.

Dated: August 18, 2017              **Golden Marina Causeway LLC**

                                    By: /s/ William J. Factor
                                    One of Its Attorneys

William J. Factor (6205675)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (847) 239-7248
Fax:    (847) 574-8233
Email:  wfactor@wfactorlaw.com

{00096823}

## CERTIFICATE OF SERVICE

I, William J. Factor, an attorney, hereby certify that on August 18, 2017, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Application* and the accompanying *Application* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the below Service List and by U.S. Mail on all other persons identified on the appended Special Service List.

/s/ William J. Factor

## SERVICE LIST

**Registrants in the Case**
(Service via ECF)

- **Lauren N. Beslow**    Lauren.Beslow@quarles.com
- **F Mark Bromley**    bromleyfm@doj.state.wi.us, gurholtks@doj.state.wi.us; anzivinotm@doj.state.wi.us
- **David R Doyle**    ddoyle@shawfishman.com, kjanecki@shawfishman.com
- **William J Factor**    wfactor@wfactorlaw.com, wfactorlaw@gmail.com; bharlow@wfactorlaw.com; wfactor@ecf.inforuptcy.com; wfactormyecfmail@gmail.com
- **Sarah Fowler**    sarah.fowler@icemiller.com, Kathy.Chulchian@icemiller.com
- **Patrick S Layng**    USTPRegion11.ES.ECF@usdoj.gov
- **Zhijun Liu**    jliu@wfactorlaw.com, jliu@ecf.inforuptcy.com; bharlow@wfactorlaw.com; nbouchard@wfactorlaw.com
- **Jeffrey K. Paulsen**    jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com; jpaulsen@ecf.inforuptcy.com
- **Victoria E Powers**    victoria.powers@icemiller.com, Deborah.Wolf@icemiller.com
- **Mark L Radtke**    mradtke@shawfishman.com, mzavala@shawfishman.com
- **Michael J. Small**    msmall@foley.com, thardy@foley.com;CHI-LitigationDocket@foley.com
- **Christopher B Wick**    cwick@hahnlaw.com, hlpcr@hahnlaw.com

**Others**
(Service via U.S. Mail)

| | |
|---|---|
| American Natural Resources Company<br>Attn: Robert W. Baker, V.P.<br>1001 Louisiana St.<br>Houston, TX 77002-5089 | American Natural Resources Company<br>Mark Moedritzer<br>2555 Grand Blvd.<br>Kansas City, MO 64108-2613 |
| City of Milwaukee<br>200 E. Wells St.<br>Milwaukee, WI 53202-3515 | Brad D. Schimel, Attorney General<br>114 East, State Capitol<br>PO Box 7857<br>Madison, WI 53707-7857 |
| Don Patterson<br>Beveridge & Diamond P.C.<br>1350 Ist Street, NW Ste. 700<br>Washington, DC 20005 | Bykhovsky Law, LLC<br>Eugene Bykhovsky<br>4465 N. Oakland Ave, Suite 110<br>Milwaukee, WI 53211 |
| Golden Marina Causeway, LLC<br>5611 Walnut Ave.<br>Downers Grove, IL 60516-1003 | City of Milwaukee<br>Office of City Treasurer<br>200 E. Wells St., Room 103<br>Milwaukee, WI 53202-3515 |
| Heartland Wisconsin Corp.<br>c/o Davis H. Hutchison<br>445 W. Oklahoma Ave.<br>Milwaukee, WI 53207-2665 | Department of Treasury<br>Internal Revenue Services<br>PO Box 7346<br>Philadelphia, PA 19101 |
| Joseph E. Tierney, III<br>Meissner Tierney Fisher & Nichols<br>111 E. Kilbourn Ave., 19th Floor<br>Milwaukee, WI 53202-6622 | El Paso Corporation<br>Attn: Kimberly Lesniak<br>1001 Louisiana St.<br>Houston, TX 77002-5089 |
| Jefferson B. Sessions<br>Attorney General of the U.S.<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530-0001 | Gaido & Fintzen<br>30 N. LaSalle St.<br>Suite 3010<br>Chicago, IL 60602 |
| Milwaukee Dept. of Public Works<br>Operations Division<br>841 N. Broadway, Rm. 620<br>Milwaukee, WI 53202-3613 | Grunau Co. Inc.<br>1100 W. Anderson Ct.<br>Oak Creek, WI 53154-1472 |
| Pluymert, MacDonald, Hargrove & Lee<br>2300 Barrington Rd., Suite 220<br>Hoffman Estates, IL 60169-2034 | Internal Revenue Services<br>Mail Stop 5014CHI<br>230 S. Dearborn Street, Room 2600<br>Chicago, IL 60604-1705 |
| Rachel Schneider<br>Quarles & Brady LLP<br>411 East Wisconsin Ave.<br>Milwaukee, WI 53202-4426 | Kail J. Decker, Asst. City Attorney<br>City of Milwaukee<br>200 E. Wells St., Room 800<br>Milwaukee, WI 53202-3515 |

| | |
|---|---|
| State of Wisconsin<br>PO Box 7857<br>17 W. Main St.<br>Madison, WI 53703-3960 | Machulak, Robertson & Sodos, S.C.<br>1733 North Farwell Ave.<br>Milwaukee, WI 53202-1805 |
| Tom Barrett, Mayor<br>City of Milwaukee<br>200 E. Wells St.<br>Milwaukee, WI 53202-3515 | Milwaukee Dept. Neighborhood Servs.<br>Attn: Jackie Tetzloff<br>841 N. Broadway, Room 105<br>Milwaukee, WI 53202-3650 |
| Wisconsin Electric Power Company<br>Attn: Sally R. Bently, Asst. V.P.<br>231 West Michigan St.<br>PO Box 2046<br>Milwaukee, WI 53201-2046 | Milwaukee Water Works<br>Zeidler Municipal Building<br>841 N. Broadway<br>Milwaukee, WI 53202-3677 |
| Wisconsin Energy Corporation<br>Attn: Susan Martin<br>231 W. Michigan Ave.<br>Milwaukee, WI 53203-2918 | R E Construction Co. Inc.<br>1438 South 92nd St.<br>Milwaukee, WI 53214-4235 |
| Wisconsin Wrecking Company, LLP<br>c/o Marko M. Gerovac<br>11836 W. Saint Martens Rd.<br>Franklin, WI 53132-2019 | Rain for Rent 49 (Naperville)<br>221 McDonald Ave.<br>Joliet, IL 60431-7929 |
| Milwaukee County Real Estate Tax<br>Dept. c/o Milwaukee County Treasurer<br>Milwaukee County Courthouse<br>Room 102<br>901 North 9th Street<br>Milwaukee, WI 53233 | Water Street Holdings, LLC<br>Michael P. O'Neil<br>215 N. Water St.<br>Suite 300<br>Milwaukee, WI 53202-6055 |
| Starline Trucking Corp.<br>18480 West Lincoln Ave.<br>New Berlin, WI 53146-2135 | US Environmental Protection Agency<br>Richard Nagle, Bankruptcy Contact<br>US EPA Region 5, Mail Code C-14J<br>Chicago, IL 60604 |
| Wisconsin Wrecking Company, LLP<br>c/o Marko M. Gerovac<br>11523 W. 5 Mile Rd.<br>Franksville, WI 53126-9705 | Zachary Fardon, U.S. Attorney<br>219 S. Dearborn<br>5th Floor<br>Chicago, IL 60604-2029 |

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: <br><br>**Golden Marina Causeway LLC**, <br><br>                Debtor. | Chapter 11 <br><br> Bankruptcy No. 16-03587 <br><br> Honorable Donald R. Cassling |

**FIRST AND FINAL APPLICATION FOR COMPENSATION OF
HILCO REAL ESTATE AS REAL ESTATE AGENT**

1.    By this Application, Golden Marina Causeway LLC (the "***Debtor***") seeks an order from this Court allowing and awarding Hilco Real Estate, LLC ("**HRE**") expense reimbursement of $11,610.10 for amounts advanced in connection with the sale of the Debtor's property.

2.    This Application is made pursuant to (a) 11 U.S.C. §§ 105(a) and 330, (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (c) applicable provisions of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted by the Office of the United States Trustee, (d) Rule 5082-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, and (e) other applicable case law, as further discussed herein.

### 1. JURISDICTION.

3.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

4. Venue of this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (O).

5. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 330 and 503.

## 2. BACKGROUND.

### 2.1. Case background.

6. On February 5, 2016, the Debtor filed its chapter 11 petition. The Debtor is wholly owned by East Greenfield Investors LLC, which is wholly owned by Lawrence Fromelius. Mr. Fromelius filed his own chapter 11 case on June 29, 2015 and on the same day caused a related entity, L. Fromelius Investment Properties LLC ("Investment Properties"), to file for chapter 11 relief. All three chapter 11 cases are pending in this Court, although they have not been consolidated for any purposes.

7. The Golden Marina Debtor owned two parcels of real estate located at 302 and 311 East Greenfield Ave., in Milwaukee, Wisconsin (the "Greenfield Properties"). The Greenfield Properties are located in the Inner Harbor area of Milwaukee, which is the target of several redevelopment efforts. These efforts have been led by the nearby opening of the Global Water Center, an incubator for water tech firms, and the new University of Wisconsin–Milwaukee School of Freshwater Sciences. The Greenfield Properties are ideally located for development into retail space, a marina, or even other uses.

8. On October 11, 2016, this Court entered an order [Dkt. 82] (attached hereto as **Exhibit 1**) authorizing the Debtor to enter into an Engagement Agreement (the "Agreement") to employ HRE as its real estate agent to scour the real estate market for other entities that might be interested and able to make a

competing bid for the Greenfield Properties at a public auction and assist with implementing and consummating auction procedures for the Greenfield Properties.

9.  Pursuant to the Agreement, the base compensation rate for HRE was set at $80,000 if the Gross Sale Proceeds from the sale of the Greenfield Properties were between $0 to $4,000,000. The compensation payable to HRE would increase at various intervals if it generated additional value above the $4,000,000 stalking horse offer. The Agreement also authorized the payment of the commission to HRE at the closing of the sale without further order of Court. The Agreement further required Court authorization to reimburse HRE for the expenses incurred, thus giving rise to this application.

10. On January 17, 2017, this Court entered an order approving the sales procedures for the Greenfield Properties [Dkt. 102]. The procedures for selling the Greenfield Properties contemplated a 60-day marketing period, during which the Greenfield Properties were marketed by HRE, and interested parties would be able to make an offer that was "higher and better" than the offer of $4,000,000 from the Stalking Horse, Wisconsin Gas LLC. Interested parties had until March 21, 2017, to submit a higher and better offer and if one or more entities did submit such an offer, the sale procedures contemplated an auction would be held on April 3, 2017.

11. On April 4, 2017, this Court approved the sale of the Greenfield Properties to Wisconsin Gas LLC for $4,000,000 and found that the Greenfield Property was adequately marketed and that no competing bids were offered [Dkt. 132]. The sale subsequently closed and HRE received its commission in connection with the sale, although HRE did agree to reduce the amount to $77,500.

**2.2. The services that HRE rendered.**

12. This application is the first and final application for expense reimbursement for HRE.

13.  During its employment, HRE provided marketing and sales services to the Debtor relating to the sale of the Greenfield Properties.  HRE advised the Debtor on matters relating to establishing the bidding procedures and ultimately provided closing services.

14.  As set forth in Debtor's application to employ HRE, HRE does not maintain contemporaneous written records of the time expended by its professionals.  Rather, the terms of employment contemplated a flat fee based on the sales price of the Greenfield Properties. HRE provided the promised services to Debtor in connection with the marketing and sale of the Greenfield Properties.

15.  No other bids were submitted other than the stalking horse offer of Wisconsin Gas LLC.  Because the final purchase price for the Greenfield Properties was $4,000,000, HRE's commission rate, as previously approved by this Court, was $80,000, which was then voluntarily reduced to $77,500.

**2.3.  The expenses that HRE incurred.**

16.  With respect to reimbursing expenses, the Court may award a professional person "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(B).

17.  "An expense is necessary if it was incurred because it was required to accomplish the proper representation of the client." *In re Spanjer Bros., Inc.*, 191 B.R. at 749.

18.  HRE incurred $11,610.10 in actual and necessary expenses related to representing the Debtor.  Documents evidencing the foregoing necessary payments made by HRE to and for the benefit of the Debtor and the administration of the estate are attached as **Group Exhibit 2.**

The expenses are as follows:

| Print and Electronic Advertising | $8,052.24 |
|---|---|
| Signage | $450.00 |
| Direct mailing | $2,977.40 |
| Travel related expenses | $117.62 |
| Conference call expense | $12.74 |
| **TOTAL** | **$11,610.10** |

19. HRE does not bill its clients or seek compensation in this Application for its overhead expenses. The expenses listed above are actual out of pocket costs HRE advanced.

### 3. DISCUSSION.

20. Under Section 330(a)(1)(A), the Court may award the professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

21. In order to determine that the Stalking Horse bidder offered the highest and best price for the Greenfield Properties, it was necessary to market the property to a wide audience. "Necessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

22. The services provided by HRE and the related expenses were necessary to consummate the sale of the Greenfield Properties. The reimbursement of expenses requested by HRE were reasonable and necessary to adequately market the Greenfield Properties and HRE's final expenses were well below the projected marketing costs set forth in the Agreement.

### 4. NOTICE

23. No prior request for the relief requested by this Application has been made to this Court or any other court.

24. Rule 2002 provides that all creditors shall be provided with at least 21 days' notice of a request for compensation.

25. Twenty-one days' notice of this Application has been served on (a) the Office of the United State Trustee, (b) the Debtor, (c) all creditors, and (d) all Registrants in the case.

26. Pursuant to Bankruptcy Rule 9006(c), Debtor requests that the Court approve the notice of this application as set forth in paragraph 25. The notice provided ensures that all creditors have notice of hearing on the application and that the parties participating in the case, and thus those likely having the most significant stake in the case, have been served with a full copy of the application.

**WHEREFORE**, the Debtor respectfully request that the Court enter an order authorizing reimbursement of HRE for actual and necessary expenses in the amount of $11,610.10 and authorizing the Debtor to pay the allowed expenses; and granting such further relief as is appropriate under the circumstances.

Dated: August 18, 2017                **Golden Marina Causeway LLC**

By: /s/ William J. Factor
One of Its Attorneys

William J. Factor (6205675)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (847) 239-7248
Fax:    (847) 574-8233
Email:  wfactor@wfactorlaw.com