UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **Golden Marina Causeway LLC**, | Bankruptcy No. 16-03587 |
| Debtor. | Honorable Donald R. Cassling |

**COVER SHEET FOR EUGENE BYKHOVSKY AND BYKHOVSKY LAW LLC'S SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Name of Applicant:   Eugene Bykhovsky and Bykhovsky Law LLC.

Authorized to Provide   Golden Marina Causeway LLC
Professional Services to:

Period for Which   October 27, 2016, through October 31, 2017.
Compensation is Sought:

Amount of Fees Sought:   $       $740.00

Amount of Expense   $       5.00
Reimbursement Sought:

This is a:   Second and Final Application

Prior Applications:   First Interim Application:
Date Filed: January 19, 2017
Period Covered: February 5, 2015 – October 26, 2017
Fees and Expenses Requested: $5,657.00
Fees and Expenses Allowed: $5,657.00

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is:  $    5,657.00    .

{00104021}    1

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **Golden Marina Causeway LLC**, | Bankruptcy No. 16-03587 |
| Debtor. | Honorable Donald R. Cassling |

## NOTICE OF APPLICATION

**Please take notice** that on **December 19, 2017, at 9:30 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Donald R. Cassling, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 619 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there shall present **Eugene Bykhovsky and Bykhovsky Law LLC's Second and Final Application for Compensation**, a copy of which is attached hereto and herewith served upon you.

Dated: November 17, 2017             /s/ William J. Factor
                                     One of the Debtor's attorneys

William J. Factor (6205675)
Jeffrey K. Paulsen (6300528)
Z. James Liu (6313367)
FACTORLAW
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel:    (847) 239-7248
Fax:    (847) 574-8233
Email:  wfactor@wfactorlaw.com
        jpaulsen@wfactorlaw.com
        jliu@wfactorlaw.com

## CERTIFICATE OF SERVICE

I, William J. Factor, an attorney, hereby certify that on November 17, 2017, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/ Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused copies of the foregoing *Notice of Application, Creditor Notice of Application,* and/or the accompanying *Application* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the below Service List, and by U.S. Mail on the creditors and the Debtor.

                                                                            /s/ William J. Factor

## SERVICE LIST

**Registrants in the Case**
(Service via ECF)

- **Lauren N. Beslow**   Lauren.Beslow@quarles.com
- **F Mark Bromley**   bromleyfm@doj.state.wi.us, gurholtks@doj.state.wi.us; anzivinotm@doj.state.wi.us
- **David R Doyle**   ddoyle@shawfishman.com, kjanecki@shawfishman.com
- **William J Factor**   wfactor@wfactorlaw.com, wfactorlaw@gmail.com; bharlow@wfactorlaw.com; wfactor@ecf.inforuptcy.com; wfactormyecfmail@gmail.com; r43923@notify.bestcase.com
- **Sarah Fowler**   sarah.fowler@icemiller.com, Kathy.Chulchian@icemiller.com
- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov
- **Zhijun Liu**   jliu@wfactorlaw.com, jliu@ecf.inforuptcy.com; bharlow@wfactorlaw.com; nbouchard@wfactorlaw.com
- **Jeffrey K. Paulsen**   jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com; jpaulsen@ecf.inforuptcy.com
- **Victoria E Powers**   victoria.powers@icemiller.com, Deborah.Wolf@icemiller.com
- **Mark L Radtke**   mradtke@shawfishman.com, kmosesso@shawfishman.com
- **Michael J. Small**   msmall@foley.com, thardy@foley.com;CHI-LitigationDocket@foley.com
- **Christopher B Wick**   cwick@hahnlaw.com, hlpcr@hahnlaw.com; cmbeitel@hahnlaw.com

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **Golden Marina Causeway LLC**, | Bankruptcy No. 16-03587 |
| Debtor. | Honorable Donald R. Cassling |

## EUGENE BYKHOVSKY AND BYKHOVSKY LAW LLC'S SECOND AND FINAL APPLICATION FOR COMPENSATION

1. By this Application, Eugene Bykhovsky and Bykhovsky Law LLC (collectively, "*Bykhovsky Law*") seek an order of this Court allowing and awarding on a final basis fees in the amount of $740.00 for professional services rendered by Bykhovsky Law as counsel for Golden Marina Causeway LLC (the "*Debtor*"), and reimbursement of expenses of $5.00 incurred on behalf of the Debtor, during the period of October 27, 2016, through October 31, 2017 (the "*Application Period*").

## JURISDICTION

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

3. Venue of this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (O).

4. Bykhovsky Law makes this Application pursuant to (a) 11 U.S.C. §§ 105(a) and 330, (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (c) applicable provisions of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted by the Office of the United States Trustee, (d) Rule 5082-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, and (e) other applicable case law, as further discussed herein.

{00015125}

BACKGROUND.

5. On February 5, 2016, the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code. The Debtor remains in possession of its property and continues to operate and manage its affairs as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

6. When it filed for bankruptcy, the Debtor owned two parcels of real estate located at 302 and 311 East Greenfield Avenue in Milwaukee, Wisconsin (the "***Greenfield Properties***"). Through this case, the Debtor sold the Greenfield Properties to a third party, generating proceeds that it will use to pay creditors.

7. Prior to the Petition Date, the City of Milwaukee filed a complaint against the Debtor in Wisconsin state court, seeking an order compelling the Debtor to demolish several buildings on the 311 East Greenfield property (the "***Raze Proceeding***").

8. The Debtor is owned by Lawrence Fromelius, who also owns L. Fromelius Investment Properties LLC ("***LFI***" and, along with the Debtor and Fromelius, the "***Debtors***"). In late June 2015, and in early July of 2015, Fromelius and LFI, respectively, also filed their own chapter 11 bankruptcies (the "***Related Bankruptcies***" and, along with captioned case, the "***Cases***").

9. On March 22, 2016, the Court entered an order authorizing the Debtor to employ Bykhovsky Law effective as of February 5, 2016. ECF No. 16. Bykhovsky represented the Debtor in the Raze Proceeding prior to the Petition Date and, as a result of this Court's order authorizing the Debtor to continue to retain Bykhovsky, the Firm provided services to the Debtor in the Raze Proceeding subsequent to the Petition Date. The Firm also rendered a modest amount of services related to the sale of the Debtor's real estate. By this Application, the Debtor seeks to compensate Bykhovsky for its services subsequent to the First Interim Application for Compensation of Eugene Bykhovsky and Bykhovsky Law LLC as Special Counsel.

### I.  Summary of services rendered by Bykhovsky Law.

10. This Application is the second and final application for compensation and expense reimbursement that Bykhovsky Law has filed in the Case. The fees for

services (the "*Services*") provided by Bykhovsky Law during the Application Period are detailed as follows.

| Date | Description | Hourly Rate | Hours | Value |
|---|---|---|---|---|
| 4/25/2017 | Appear at hearing in Milwaukee Court on status of Raze work (1.1) and phone conference (.4) with W. Factor, J. Paulsen and J. Meier | $200 | 1.5 | $300 |
| 4/26/2017 | Conference with W. Factor regarding insurance coverage, draft emails to client and City regarding Raze lien. | $200 | 1.4 | $280 |
| 5/26/2017 | Review J. Tierney, attorney for Cliff's Mining, letter on its claim, and its lien rights with respect to the Greenfield Property, and email client. | $200 | 0.3 | $60 |
| 7/07/2017 | Review file for PRP Assessments and email client. | $200 | 0.3 | $60 |
| 8/22/2017 | Email to client re: Meier email on status of East Greenfield Investors LLC and response. | $200 | 0.2 | $40 |
| | | **Totals:** | **3.7** | **$740.00** |

II.   **The Expense that Bykhovsky incurred.**

11.   Bykhovsky Law also incurred $5 in actual and necessary expenses for a parking fee for the 4/25/2017 court appearance.

III.   **All fees were for Services in a single category**.

12.   Bykhovsky Law was retained as special counsel to provide the Debtor with legal counsel in one category, defending the Debtor in the Raze Proceeding, and all Services pertain to that category.

{00104021}                                                3

# DISCUSSION

## IV. Bykhovsky Law's fees are reasonable and should be allowed.

13. Under Section 330(a)(1)(A), the Court may award the professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

14. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach – multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus., Inc.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

15. The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or its services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000), *cert. denied*, 532 U.S. 1066 (2001).

Case 16-03587    Doc 248    Filed 11/17/17    Entered 11/17/17 18:05:30    Desc Main
                              Document      Page 8 of 12

16. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 LAWRENCE P. KING, COLLIER ON BANKRUPTCY ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

17. The average hourly billing rate for the attorneys who performed the Services—that is, the "lodestar" rate—is $200.00. This average rate is fair and reasonable in light of the Services provided and the experience of Bykhovsky Law's professionals. Moreover, the compensation requested by Bykhovsky Law is reasonable based upon the customary compensation charged by comparably-skilled practitioners in either non-bankruptcy or bankruptcy cases.

## V. Expense Reimbursement Standards

18. With respect to reimbursing expenses, the Court may award a professional person "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(B).

19. "An expense is necessary if it was incurred because it was required to accomplish the proper representation of the client." In re Spanjer Bros., Inc., 191 B.R. at 749.

20. The Expenses were the actual and necessary expenses incurred on behalf of the Debtor and FactorLaw respectfully submits that the Expenses were required to accomplish the proper representation of the Debtor and the estate.

## VI. Notice

21. No prior request for the relief requested by this Application has been made to this Court or any other court.

22. Rule 2002 provides that all creditors shall be provided with at least 21 days' notice of a request for compensation over $1000.

23. Twenty-one days' notice of this Application has been served on (a) the Office of the United State Trustee, (b) the Debtor, (c) all creditors that have filed a proof of claim in the case, and (d) all Registrants in the case.

24. Twenty-one days' notice of this Application has been served on (a) the Office of the United State Trustee, (b) the Debtor personally, (c) all creditors that have filed a proof of claim in the case, and (d) all Registrants in the case. In addition, a notice in the form as ***Exhibit A*** has been sent to all creditors that have not filed proofs of claim advising them of the hearing on this application.

25. Pursuant to Bankruptcy Rule 9006(c), Bykhovsky Law request that the Court approve the notice of this application as set forth in paragraph 24. The notice provided ensures that all creditors have notice of hearing on the Application and that the parties participating in the Case, and thus those likely having the most significant stake in the Case, have been served with a full copy of the Application.

WHEREFORE, Bykhovsky Law respectfully requests that the Court enter an Order, substantially in the form submitted herewith:

A. Finding that notice of the Application was adequate and approving the Notice of the Application, attached as Exhibit A;
B. Allowing and awarding Bykhovsky Law on a final basis (i) fees in the amount of $740.00 and reimbursement of expenses of $5 incurred during the Application Period; and (ii) the Interim Compensation and Expenses of $5,657, for a total combined final award of fees and expenses in the amount of $6,402.
C. Authorizing the Debtor to pay the allowed fees and expenses; and
D. Granting such other and further relief as this Court deems just and appropriate.

Dated: November 17, 2017        /s/ William J. Factor
                                One of the Debtor's attorneys

William J. Factor (6205675)
Jeffrey K. Paulsen (6300528)
Z. James Liu (6313367)
FACTORLAW
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel:  (847) 239-7248
Fax:  (847) 574-8233
Email:  wfactor@wfactorlaw.com
   jpaulsen@wfactorlaw.com
   jliu@wfactorlaw.com

{00104021}  7

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **Golden Marina Causeway, LLC,** | Bankruptcy No. 16-03587 |
| | Honorable Donald R. Cassling |
| Debtor. | Hearing Date: December 19, 2017<br>Hearing Time: 9:30 a.m. |

**NOTICE OF BYKHOVSKY LAW'S SECOND AND FINAL
APPLICATION FOR COMPENSATION AND HEARING THEREON**

**To:    Creditors**

**Please take notice that** on November 17, 2017, William J. Factor and the Law Office of William J. Factor, Ltd., filed Eugene Bykhovsky and Bykhovsky Law LLC's Second and Final Application for Compensation and Reimbursement of Expenses (the "*Application*"), as special counsel for debtor Golden Marina Causeway, with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division. A copy of the Application made be obtain by request to Jeffrey K. Paulsen, FactorLaw, 105 W. Madison St., Suite 1500, Chicago, IL 60602; Tel: 312-878-0969; Email: jpaulsen@wfactorlaw.com.

**Please take further notice that,** Bykhovsky Law seeks a final award of compensation on a final basis (i) fees in the amount of $740.00 and reimbursement of expenses of $5 incurred during the second interim fee application period; and (ii) the previously awarded (on an interim basis) fees and expenses of $5,657, for a total combined final award of fees and expenses in the amount of $6,402.

**Please take further notice that,** a hearing to consider the Application will be held before the Honorable Donald R. Cassling, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 619 of the Everett McKinley

# EXHIBIT A

Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, on **December 19, 2017 at 9:30 a.m. prevailing Central Time**, or as soon thereafter as the undersigned counsel may be heard.

Dated: November 17, 2017         **THE LAW OFFICE OF
                                   WILLIAM J. FACTOR, LTD.**


                                  By: /s/ William J. Factor
                                  One of Its Attorneys

William J. Factor (6205675)
Jeffrey K. Paulsen (6300528)
Z. James Liu (6313367)
FACTORLAW
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel:   (847) 239-7248
Fax:   (847) 574-8233
Email:  wfactor@wfactorlaw.com
jpaulsen@wfactorlaw.com
jliu@wfactorlaw.com